IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PAUL DAN SMITH, III,

    Plaintiff,

v.                                        CASE NO. 5:10-cv-00305-RH -GRJ

WALGREENS PHARMACY,
et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a Civil Rights Complaint, utilizing the Court's approved form, bringing claims against Walgreens Pharmacy, Walgreens Pharmacy Corporation, and "All Management on Staff on the night of December 10, 2009." (Doc. 1.) The Court has reviewed the Complaint and concludes that Plaintiff has failed to allege a cause of action under 42 U.S.C. § 1983 and therefore the Complaint should be dismissed.

## Background and Facts

Although the events alleged by Plaintiff are not entirely clear, the material facts liberally construed by the Court are as follows. Plaintiff alleges that on December 10, 2009 he purchased a box of pseudoephedrine cold medication from the Walmart pharmacy located in Lynn Haven, Florida. The pseudoephedrine cold medication is a type of medicine that must be purchased from the pharmacist because of its potential for illegal use in manufacturing "meth." According to Plaintiff, after he went home he lost or misplaced the box of pseudoephedrine cold medication. Consequently, "hours later" he went to Walgreens Pharmacy on Ohio Avenue in Lynn Haven, Florida to

purchase another box of pseudoephedrine cold medication to replace the lost box. When Plaintiff attempted to purchase the second box of the pseudoephedrine cold medication the pharmacist at Walgreens checked the computer and apparently asked Plaintiff to clarify certain information, which Plaintiff was unable to do. The pharmacist then alerted law enforcement, who was conducting surveillance at the pharmacy. Plaintiff was then arrested. Plaintiff fails to disclose the criminal charges with which he was charged by state authorities nor the outcome of the state criminal charges. Additionally, while the Plaintiff was taken into custody at the local jail, Plaintiff fails to make any mention of whether he was convicted or whether the charges were resolved favorably to him.

Plaintiff has named as defendants Walgreen Pharmacy, "all management and staff working on the evening of December 10, 2009" and Walgreens Pharmacy Corp. Plaintiff claims that these unnamed persons and the pharmacy "orchestrated a felony in order to illegally and wrongfully display [him] as a user, abuser, or paradigmatic manufacturer of methamphetamine." Id. at 6. In the section of the Complaint requiring Plaintiff to identify the "rights under the Constitution, laws, or treaties of the United States you claim have been violated ... " Plaintiff alleges that Walgreens, as a regulated seller, violated, among others, various provisions of the Drug Abuse Prevention and Control Act, Title 21 U.S.C. §§ 830(c)(4), (d)(1) & (e), 842(a)(12)(A), 843 (a)(7) & (b), 841 (c)(2) and 844(c) in that Walgreens willingly sold Plaintiff an "excessive, extraordinary and or a suspicious amount" of pseudoephedrine cold medication; released information (presumably about Plaintiff's previous purchases of pseudoephedrine cold medication); and "veered" from their normal procedure of


"denying [Plaintiff of his] purchase." Plaintiff also claims that Walgreens failed to make a report, defamed his character, illegally detained him against his will and "wrongfully profiled and discriminated against" Plaintiff. Notably, Plaintiff fails to mention any constitutional right which was violated.

Plaintiff's current status is also not entirely clear. When the Complaint was filed – and when the Court granted Plaintiff leave to proceed IFP on December 1, 2010 – Plaintiff was in custody at the Bay County Jail. (Docs. 2 and 5.) On December 14, 2010, however, Plaintiff filed a change of address (Doc. 6) disclosing a private residential address suggesting that Plaintiff has now been released from custody.

## Discussion

A court may dismiss a case filed by a litigant proceeding *in forma pauperis* on initial review if the complaint is deemed frivolous or if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). Dismissal *sua sponte* is appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless or that Plaintiff has little or no chance of success on a claim of constitutional deprivation. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 683-84 (11th Cir. 2005).

There are several reasons why Plaintiff's Complaint has little or no chance of success in establishing a claim of constitutional deprivation, each of which requires dismissal of the Complaint.

First, Plaintiff has failed to identify any civil or constitutional rights the Defendants allegedly violated. Instead, Plaintiff contends that the pharmacy and staff

failed to follow various provisions of the Drug Abuse Prevention and Control Act, none of which is sufficient to form the basis for a § 1983 civil rights suit. For example, a violation of 21 U.S.C. § 830(d) or (e) – which contain restrictions on the sale of certain chemicals such as pseudoephedrine – may give rise to an administrative enforcement proceeding or even a criminal prosecution, but it does not give rise to a claim for damages under a civil cause of action. Under 42 U.S.C. §1983, an individual may bring a claim for damages against a state actor who violates or deprives a citizen of the United States of any rights secured by the Constitution and laws of the United States.[1] A violation of the regulatory provisions of 21 U.S.C. §§ 801 *et seq.* by a pharmacy, however, does not qualify as a violation of the rights secured by the Constitution and laws of the United States. Simply put, the violations alleged by Plaintiff are not actionable in a civil rights suit or otherwise by a private individual.

In addition to the fact that a violation of the regulatory provisions of 21 U.S.C. §§ 801 *et seq.* by a pharmacy does not give rise to a private civil cause of action for damages, Plaintiff cannot sue private individuals, such as Walgreens or its employees, under §1983 for conduct as a private citizen. Rather, section 1983 only applies to claims against a state actor. A person acts under color of state law typically by virtue of his employment with the state or as some other public official. West v. Atkins, 487 U.S. 42, 48-50 (1988). While a private person or business may be considered a state actor in very limited circumstances if (a) the state coerced or encouraged the private person

---

[1] "A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

to act; (b) the action was one traditionally performed by the state; and (c) the state was a joint participant in the action, Johnson v. Wilbur, 375 Fed. Appx. 960, 964 (11th Cir. 2010), *citing* Rayburn ex rel Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001), none of these scenarios are alleged in the complaint. There is simply nothing alleged in the Complaint which suggests the conduct of Defendants would make the Defendants state actors.

Lastly, to the extent that Plaintiff challenges the legality of his arrest he has not named the law enforcement officers who made the arrest nor has he alleged any facts suggesting that he was arrested without probable cause. And to the extent Plaintiff claims that Defendants conspired with law enforcement to falsely arrest the Plaintiff, the claim must fail because the claim would be barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck the Supreme Court held that a claim for damages, that is related to a conviction that has not yet been reversed or invalidated, is not cognizable under 42 U.S.C. §1983.

In light of the foregoing, it is respectfully **RECOMMENDED**:

The complaint should be **DISMISSED** without prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. §1915A (b)(1).

At Gainesville, Florida, this 29th day of December, 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**